1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| IN RE: ZOOM VIDEO COMMUNICATIONS, INC. PRIVACY LITIGATION | CASE NO. 5:20-CV-02155-LHK |
|---|---|
| | **CLASS ACTION** |
| This Document Relates To: ALL ACTIONS. | ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVING FORM AND CONTENT OF CLASS NOTICE |

**WHEREAS**, the Plaintiffs and Defendant Zoom Video Communications, Inc. ("Zoom") (together, the "Parties") in the above-described class action ("Action") have applied for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, regarding certain matters in connection with a proposed settlement of the Action, in accordance with a Class Action Settlement Agreement and Release ("Settlement Agreement") entered into by the Parties on July 30, 2021, which, together with the exhibits and appendices thereto, sets forth the terms and conditions for a proposed resolution of this litigation and for its dismissal with prejudice;[1]

**WHEREAS**, this Court has reviewed the Settlement Agreement entered into by the Parties, all exhibits thereto, the record in this case, and the Parties' arguments.

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Court finds that the Parties have shown the Court it will likely be able to approve the proposed Settlement, as embodied in the Settlement Agreement, as being fair, reasonable and adequate under Rule 23(e) of the Federal Rules of Civil Procedure, subject to further consideration at the Final Approval Hearing to be conducted, as described in Paragraph 21 below.

2. All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

3. The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declaration of counsel. Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations.

4. The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Settlement Class and fall within the range of possible approval as fair, reasonable, and adequate.

---

[1] The motion for preliminary approval of proposed class action settlement contains a notice of motion that was filed and paginated separately from the memorandum of points and authorities in support of the motion. Civil Local Rule 7-2(b) provides that the notice of motion and points and authorities should be contained in one document with the same pagination. See Civ. Loc. R. 7-2(b)." *E.g.*, *Steeg v. Ford Motor Co.*, No. 19-CV-05833-LHK, 2020 WL 2121508, at *1 n.1 (N.D. Cal. May 5, 2020).

5. The Court therefore GRANTS the preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

**Certification for Settlement Purposes Only**

6. The Settlement Agreement defines the Settlement Class as follows,:

> All Persons in the United States who, between March 30, 2016 and the Settlement Date, registered, used, opened, or downloaded the Zoom Meetings Application ("App"), except for (i) all Persons who have only registered, used, opened, or downloaded the Zoom Meetings App through an Enterprise-Level Account or a Zoom for Government Account, (ii) Zoom and its officers and directors, and (iii) the Judge or Magistrate Judge to whom the action is assigned and any member of those Judges' staffs or immediate family members.

7. If the Settlement Agreement is not finally approved by this Court, or if such final approval is reversed or materially modified on appeal by any court, (a) to the extent applicable, the Preliminary Approval Order, the Final Approval Order, and the Judgment, and all of its or their provisions will be vacated by its or their own terms, including, but not limited to, vacating any and all rulings regarding class certification for settlement purposes, including conditional certification of the Settlement Class, conditional appointment of Plaintiffs as Class Representatives, and conditional appointment of Plaintiffs' Counsel as Class Counsel; (b) the Settlement Agreement will be deemed null and void *ab initio* (except for Sections 2.1(b)(i), 2.1(e), 2.1(f), 2.1(h), 2.1(i), 2.1(j), and 9 of the Settlement Agreement), and the Action will revert to the status that existed before the Settlement Agreement's execution date; and (c) (i) no term or draft of the Settlement Agreement, (ii) nor any part of the Parties' settlement discussions, negotiations, or documentation (including any declaration or brief filed in support of the motion for preliminary approval or motion for final approval), (iii) nor any rulings regarding class certification for settlement purposes (including the Preliminary Approval Order and, if applicable, the Final Approval Order and the Judgment), will have any effect or be admissible into evidence for any purpose in the Action or any other proceeding. If the Court does not approve the Settlement or enter the Final Approval Order and the Judgment for any reason, or if the Final Settlement Date cannot occur for any reason, Zoom shall retain all its rights, for example, to object to the maintenance of the Action as a class action, to move for summary judgment, and to assert defenses at trial, and nothing in this Settlement Agreement or other papers or proceedings related to the Settlement

shall be used as evidence or argument by any Party concerning whether the Action may properly be maintained as a class action, or for any other purpose.

8. Solely for purposes of effectuating the proposed Settlement, the Court finds, pursuant to Rule 23(e)(1), that the prerequisites for class certification under Federal Rule of Civil Procedure 23(a) are likely to be found satisfied as: the Settlement Class is comprised of millions of individuals; there are questions of law or fact common to the Settlement Class; the Class Representatives' claims are typical of those of Settlement Class Members; and the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class.

9. Solely for purposes of effectuating the proposed Settlement, the Court finds, pursuant to Rule 23(e)(1), that the prerequisites for class certification under Federal Rule of Civil Procedure 23(b)(3) are likely to be found satisfied as: the questions of law or fact common to the Settlement Class predominate over individual questions and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

10. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for purposes of effectuating the Settlement, the Court hereby appoints as Class Representatives: Caitlin Brice, Heddi N. Cundle, Angela Doyle, Isabelle Gmerek, Kristen Hartmann, Peter Hirshberg, M.F., Therese Jimenez, Lisa T. Johnston, Oak Life Church, Saint Paulus Lutheran Church, and Stacey Simins.

11. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for purposes of effectuating the Settlement, the Court hereby appoints as Class Counsel to represent the proposed Settlement Class: Tina Wolfson of Ahdoot & Wolfson, PC and Mark C. Molumphy of Cotchett, Pitre, & McCarthy LLP. Solely for the purposes of effectuating the Settlement, Class Counsel are authorized to act on behalf of the Class Representatives, and all other Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Settlement Agreement, including all acts that are reasonably necessary to consummate the Settlement, subject to final approval by the Court of the Settlement.

**Administration and Notice to the Settlement Class**

12. The Court appoints Epiq Class Action and Claims Solutions, Inc. ("Epiq") to serve as the Settlement Administrator. Epiq shall supervise and administer the notice procedures, establish and

1  operate the Settlement Website, administer the claims processes, distribute cash payments according
2  to the processes and criteria set forth in the Settlement Agreement, and perform any other duties that
3  are reasonably necessary and/or provided for in the Settlement Agreement.

4        13.    All reasonable costs of notice and costs of administering the Settlement shall be paid
5  from the Settlement Fund as contemplated by Section 2.1(d) of the Settlement Agreement.

6        14.    The Court approves, as to form and content, of the proposed Claim Form, Long Form
7  Notice, Publication Notice, and Summary Notice which are attached to the Settlement Agreement as
8  Exhibits A, C, E, and G, respectively, and finds that their dissemination substantially in the manner
9  and form set forth in the Settlement Agreement meets the requirements of Federal Rule of Civil
10 Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is
11 reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the
12 pendency of the Action, the effect of the proposed Settlement (including the releases contained therein),
13 the anticipated Motion for Attorneys' Fees and Expenses and for Service Payments, and their rights to
14 participate in, opt out of, or object to any aspect of the proposed Settlement.

15       15.    Within five business days after the Court approves the Motion for Preliminary
16 Approval, Zoom shall, for the purpose of facilitating the distribution of the Summary Notice, provide
17 the Settlement Administrator with the last known email addresses and billing addresses for all Persons
18 that Zoom's records reasonably indicate are likely to be Settlement Class Members, which information
19 shall be based on records reasonably available to Zoom.

20       16.    Pursuant to Section 5 of the Settlement Agreement, the Settlement Administrator shall
21 complete dissemination of the Notice on or before the Notice Date, defined in the Settlement
22 Agreement as 75 calendar days from the entry of this Preliminary Approval Order. Within 75 days after
23 entry of this Preliminary Approval Order, the Settlement Administrator shall complete the distribution
24 of the Summary Notice (via email) and/or Summary Notice (in postcard form) to the members of the
25 Settlement Class, complete publication notice in print publications and in a digital campaign, establish
26 the Settlement Website which shall contain relevant documents relating to the settlement such as the
27 Notices, information about the submission of Claim Forms, and other relevant documents (such as the
28 operative complaint filed in the Action, the Settlement Agreement, the Preliminary Approval Order,

1 Claim Forms, any application for the Fee and Expense Award and Service Payment, any brief filed by
2 the Parties in support of the Settlement, and the Final Approval Order).

**Participation in the Settlement, Requests for Exclusion and Objections**

17.  Settlement Class Members who wish to make a Claim must do so by submitting a Claim Form by the Claim Deadline, which is hereby set as 60 days following the Notice Date, in accordance with the instructions contained therein. The Settlement Administrator shall determine the eligibility of Claims submitted and allocate the Settlement Funds in accordance with the Settlement Agreement.

18.  Settlement Class Members who wish to object to the Settlement must provide: (1) the objector's name, address, and email address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) whether the objection applies only to the objector, a subset of the Settlement Class, or the entire Settlement Class; (4) all grounds for the objection, including all citations of legal authority and evidence supporting the objection; (5) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, who must enter an appearance with the Court in accordance with the Local Rules; and (6) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel). Objections must (a) clearly identify the case name and number (i.e., "*In re: Zoom Video Communications, Inc. Privacy Litigation*, Case No. 5:20-cv-02155-LHK) and (b) must be mailed to the Court (or filed with the Court in person) at the following address, and received the Objection and Exclusion Deadline, hereby set as March 5, 2022:

| **Court** |
|---|
| Class Action Clerk |
| United States District Court for the Northern District of California |
| 280 South 1st Street |
| San Jose, CA 95113 |

19.  Any member of the Settlement Class who does not file a valid and timely written objection in accordance with these procedures and the procedures detailed in the Settlement Agreement Section 6.1, shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement and/or the Final Approval Order by appeal or other means.

20. Any putative member of the Settlement Class who seeks to be excluded from the Settlement Class must submit a Request for Exclusion, in writing, and include: (1) the requestor's name, address and email address; (2) the requestor's physical signature; (3) the name and number of this Action (i.e., "*In re: Zoom Video Communications, Inc. Privacy Litigation*, Case No. 5:20-cv-02155-LHK"); and (4) a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement. Each Request for Exclusion can only request exclusion for that one individual. The Request for Exclusion must be received by the Claims Administrator by the Objection and Exclusion Deadline, hereby set as March 5, 2022:

| **Claims Administrator** |
| --- |
| *In re: Zoom Video Communications, Inc. Privacy Litigation*<br>ATTN: Claims Administrator<br>Address<br>City State Zip |

Any member of the Settlement Class who does not file a valid and timely Request for Exclusion shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order.

### **Final Approval Hearing**

21. The Final Approval Hearing shall be held by the Court on April 7, 2022, beginning at 1:30 p.m., in Courtroom 8, 4th Floor, of the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113.

22. At the Final Approval Hearing, the Court will determine whether: (1) the requirements for certification of the Settlement Class have been met; (2) the proposed settlement of the Action on the terms set forth in the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; (3) Class Counsel's motion for a Fee and Expense Award and Service Payments should be approved; and (4) the Final Approval Order and the Judgment approving the Settlement and dismissing the Action on the merits with prejudice against the Plaintiffs and all other Settlement Class Members should be entered.

23. The Final Approval Hearing may, without further notice to the Settlement Class Members (except those who have filed timely and valid objections and requested to speak at the Final Hearing), be continued or adjourned by order of the Court.

24. Objections by any Settlement Class Member to (a) the certification of the Settlement Class; (b) the Settlement; and/or (c) the entry of the Final Approval Order and Final Judgment, shall be considered by the Court at the Final Approval Hearing only if such Settlement Class Member files with the Court a notice of his or her objections, submits documentary proof that he or she is a Settlement Class Member, and states the basis for such objections.

25. On or before January 29, 2022, Class Counsel shall file all papers in support of the application for the Final Approval Order and Final Judgment. On or before January 29, 2022, Class Counsel shall file all papers in support of any motion for a Fee and Expense Award and Service Payments.

26. Objections by any Settlement Class Member to Class Counsel's motion for a Fee and Expense Award and Service Payments shall be considered by the Court at the Final Approval Hearing only if such Settlement Class Member files with the Court a notice of his or her objections, submits documentary proof that he or she is a Settlement Class Member, and states the basis for such objections, by March 19, 2022.

27. Class Counsel's motion for a Fee and Expense Award and Service Payments will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal from any order relating solely to Class Counsel's motion for a Fee and Expense Award and Service Payments, or any reversal or modification of any such order, shall not operate to terminate, vacate, or cancel the Settlement.

28. All proceedings and deadlines in this matter, except those necessary to implement this Order and the Settlement, are hereby stayed and suspended until further order by the Court.

29. All Persons in the Settlement Class who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

30. The Parties' Counsel are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: October 21, 2021

*Lucy H. Koh*
_____
HON. LUCY H. KOH
UNITED STATES DISTRICT JUDGE